IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL L. DIEHL,

                Petitioner,                          ORDER

      v.                                            08-cv-93-bbc

MICKEY McCASH, Warden,
Oregon Correctional Center,

                Respondent.

---

      Earl L. Diehl, an inmate at the Oregon Correctional Center in Oregon, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

      Petitioner challenges the constitutionality of his conviction in the Circuit Court for Jefferson County to a charge of theft by contractor. He contends that the complaint charged him with only a civil violation and not a criminal offense and therefore, the court lacked subject matter jurisdiction. The complaint alleged that on January 30, 2002, petitioner had, while being the subcontractor for improvements upon the premises belonging to Charles W. Keen, received money from Keen and, without Keen's consent, intentionally used the money

1

for a purpose other than the payment of claims due or to become due for labor or materials used in the improvements before all claims were paid in full.  As I understand petitioner's argument, he contends that in order to charge him with a crime, the complaint had to include the additional allegation that petitioner intended to convert the funds for his own personal use.

The state court of appeals rejected this argument, citing to its decision in State v. Sobkowiak, 173 Wis. 2d 437, 337-38, 496 N.W. 2d 620 (Ct. App. 1992).  State v. Diehl, 2007 WI App 230, ¶3, 740 N.W. 2d 901 (unpublished opinion). The court pointed out that in Sobkowiak, it had approved the Wisconsin Criminal Jury Instructions Committee's conclusion that the sixth element, "intent . . . to convert [the funds] . . . [for] personal use," could be removed from the pattern jury instructions because it was subsumed within the third element, which was intent to use "the money for a purpose other than the payment of claims due or to become due." Id.  Because the crime of theft by contractor had only five elements and all of them were alleged in the complaint, said the court, there was no merit to petitioner's subject-matter jurisdiction argument. Id. at ¶4.  The Wisconsin Supreme Court declined to review this decision.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court shall summarily dismiss a petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

2

entitled to relief." Dellenbach v. Hanks, 76 F.3d 820(7th Cir. 1996). Petitioner argues that the state appellate court misinterpreted Wisconsin law when it determined that the crime of theft by contractor had only five, not six, elements. But § 2254 is not a vehicle to challenge state court interpretations of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner does not argue that the state courts' interpretation of the elements of theft by contractor violates any federal law. Accordingly, this court lacks authority under 28 U.S.C. § 2254 to grant his petition.

3

ORDER

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, IT IS ORDERED that the petition of Earl L. Diehl for a writ of habeas corpus is DISMISSED WITH PREJUDICE because petitioner has failed to allege a cognizable federal claim.

Entered this 14th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge