IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL L. DIEHL,

                    Petitioner,                                    ORDER

     v.                                                08-cv-93-bbC

MICKEY McCASH, Warden,
Oregon Correctional Center,

                    Respondent.

---

Earl Diehl has filed a motion for reconsideration of this court's order of February 14, 2008, dismissing his petition for a writ of habeas corpus on the ground that petitioner had failed to allege a cognizable federal claim. Petitioner argues that this court misconstrued his claim as a challenge to state law, when actually he was claiming a deprivation of his federal right to due process as a result of the absence of subject matter jurisdiction.

Petitioner's motion will be denied. In denying his petition, I recognized that petitioner was asserting that his federal right to due process was violated because the state circuit court lacked subject matter jurisdiction over the criminal proceeding. However, the entire basis for petitioner's claim that subject matter jurisdiction was lacking was his assertion that the crime of theft by contractor had six elements. To find in petitioner's favor

1

on this point, this court would have to reexamine the conclusion of the state courts that the crime of theft by contractor had only five elements.  As noted in the February 14 order, principles of comity prohibit federal courts from undertaking such reexaminations.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Jackson v. Virginia, 443 U.S. 307, 324, (1979) (elements of a crime are determined with reference to state law).  Thus, even if petitioner is correct that his petition adequately set forth a cognizable federal claim, he could not succeed on it.  Accordingly, the court did not err in dismissing the petition.

ORDER

IT IS ORDERED that petitioner's motion for reconsideration is DENIED.

Entered this 28th day of February, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

2