IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

EARL DIEHL,

            Petitioner,                    ORDER

v.                                        08-cv-0093-bbc

MICKEY MCCASH, Warden,
Oregon Correctional Center,

            Respondent.

---

Petitioner Earl Diehl has filed a notice of appeal and request for certificate of appealability from this court's February 20, 2008 order and judgment dismissing his petition for a writ of habeas corpus and February 28, 2008 order denying his motion for reconsideration. Because petitioner has not paid the $455 filing fee for an appeal, I will assume that he also seeks leave to proceed *in forma pauperis* on appeal.

A certificate of appealability shall issue only if the applicant has made "a substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

1

'adequate to deserve encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). Petitioner cannot make this showing. Petitioner's sole claim is that his conviction for theft by contractor is unconstitutional because the complaint failed to charge him with a criminal offense, in turn depriving the state trial court of subject matter jurisdiction. Reasonable jurists would not debate my conclusion that this claim failed because it depended upon petitioner's contention that the state courts had erred in their interpretation of state law, a matter that is not reviewable by a federal court.

The next question is whether petitioner is entitled to proceed *in forma pauperis* on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. No reasonable person could suppose there is any merit to petitioner's appeal where the only basis for his claim that the trial court lacked subject matter jurisdiction is his insistence that the state courts erred in concluding that the crime of theft by contractor had only five, not six, elements. This is plainly a matter of state, not federal, law.

2

Because I have found that petitioner's appeal is not taken in good faith, it is not necessary to decide whether he is indigent for purposes of appeal or whether he must prepay a portion of the fee.

ORDER

IT IS ORDERED that:

1. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 12th day of March, 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge